**In re CARDINAL INDUSTRIES, INC., and the following substantively consolidated subsidiaries:**

Cardinal Industries of Florida, Inc., Cardinal Industries of Georgia, Inc., Cardinal Industries Services Corporation, Cardinal Industries Mortgage Company, Cardinal Parts Service Company, Cardinal Lodging Group, Inc., Cardinal Apartment Management Group, Inc., Cardinal Industries Development Corporation, Cardinal Industries of Florida Services Corporation, Cardinal Industries of Georgia Services Corporation, Cardinal Furniture Leasing Company, Cardinal Retirement Management Group, Inc., Cardinal Acceptance Corporation, Maxim Building Corporation Inc., Cardinal Advisory Group, Inc., Columbus Construction, Inc., Cardinal Securities Corporation, Cardinal Manufacturing, Inc., Camden Development Corporation, Cardinal Compensation, Inc., Cardinal Regulatory of Kentucky, Inc., Cardinal Regulatory of

Michigan, Inc., Cardinal Regulatory of West Virginia, Inc., Cardinal Land Corporation, Cardinal Community Corporation, Cardinal Industries Insurance Agencies, Inc., CII of Pennsylvania, Inc., Cardinal Industries of Texas, Inc., Cardinal Industries Development Corporation of Texas, Inc., Cardinal Realty Company, Cardinal Industries Realty Corporation.

**Bankruptcy No. 2–89–02779.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 2, 1992.

Colleen Corkoran, Birmingham, MI, for trustee.

David M. Whittaker, Columbus, OH, of Textron Financial Corp.

James Bownas, Gen. Counsel, Cardinal Realty Services, Inc., Columbus, OH, Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Cardinal Realty Services, Inc.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, OH, Columbus Office of the U.S. Trustee for Region IX.

## OPINION AND ORDER ON MOTION TO REDUCE CLAIM OF TEXTRON FINANCIAL CORPORATION

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Introduction and Jurisdiction*

This matter is before the Court upon the Trustee's motion to reduce the claim of Textron Financial Corporation ("Textron"). The parties contest the amount to which Textron's total claim against the Chapter 11 bankruptcy estate of Cardinal Industries, Inc. ("Debtor") is entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge has the authority to hear and determine under 28 U.S.C. § 157(b)(2)(B).

The following constitutes findings of fact and conclusions of law. For the reasons set forth herein, Textron will be granted an administrative expense priority for lease payments arising out of the Debtor's use and benefit of certain computer hardware and software for the months of June through September, 1989. The remaining portion of Textron's claim numbered 1312 will be treated as unsecured for the purposes of distribution.

## II. *Factual Background*

The following facts are undisputed:

1. On November 3, 1989, Textron filed its proof of claim, number 1312, in the consolidated case.

2. In that claim Textron alleges that it is entitled to an administrative expense in the amount of $126,958.35.

3. The bases for Textron's claim are certain prepetition equipment leases between the Debtor and Textron. Those leases were eventually rejected by the Debtor postpetition.

4. The Debtor and Textron entered into three types of equipment leases prepetition: a lease for a CADD computer system; a lease for 35 trailers; and a lease for computer hardware and software.

5. On June 22, 1989, shortly after the Debtor filed for relief under Chapter 11, Textron moved the Court for an order compelling the Debtor to assume or reject the leases.

6. Objecting to that motion, the Debtor argued, pursuant to 11 U.S.C. § 365(d)(2), that it was entitled to sufficient time within which to make sound business judgments about whether it should retain or return the leased property. The Debtor eventually rejected all three leases.

7. The Court entered orders which authorized the rejection of the trailer lease and CADD lease on August 9, 1989 and September 26, 1989 respectively.

8. The parties agreed to continue the computer hardware and software lease arrangement. An Agreed Order was entered on October 30, 1989 authorizing interim payments to be made to Textron for the Debtor's continued use of the property. The Debtor made interim lease payments until it rejected the lease on September 10, 1990.

9. Textron seeks an administrative expense for postpetition lease payments for the months of June through August, 1989, for all the equipment leased by the Debtor.

10. Textron alleges that it is entitled to an administrative expense for the postpetition equipment leases in the following amounts:

| | |
|---|---|
| CADD computer system | $ 72,938.22 |
| 35 trailers | $ 28,449.70 |
| computer hardware/ software | $ 25,520.43 |
| Total Claim | $126,958.35 |

## III. *Issue Presented*

The issue before the Court is whether Textron's claims arising out of its prepetition leases are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(1)(A).

## IV. *Conclusions of Law*

### A. *Burden of Proof*

A filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). If an objecting party produces sufficient evidence to overcome the presumption created by Fed.R.Bankr.P. 3001(f), the burden of persuasion shifts to the claimant who must also then prove the claim. *In the Matter of Unimet Corporation*, 74 B.R. 156, 165 (Bankr.N.D.Ohio 1987). However, this presumptive evidentiary effect does not extend to the status asserted for the claim.

Section 503(a) of the Code provides specifically that "an entity may file a request for payment of an administrative expense." Filing a proof of claim is not the appropriate method to request such an administrative expense. *See, generally, In*

re Packard Properties Ltd., 118 B.R. 61, 62 (Bankr.N.D.Tex.1990).

■ Moreover, a party requesting an administrative expense under 11 U.S.C. § 503(b)(1)(A) must show entitlement to such priority status by a preponderance of the evidence without any presumption of validity for the status asserted. *See In the Matter of Patch Graphics*, 58 B.R. 743, 745 (Bankr.W.D.Wis.1986). Thus, Textron's proof of claim may be considered *prima facie* evidence as to the amount and validity of its claim, but no such presumptive evidentiary effect exists with respect to the claim's status as an administrative expense.

■ In the interests of judicial economy, the Court will consider Textron's claim as a formal request for an administrative expense. However, to be entitled to such administrative expense priority, Textron must show by a preponderance of the evidence that the Debtor in Possession actually used the property and such usage benefitted the bankruptcy estate. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 1198, 79 L.Ed.2d 482 (1984); *Philadelphia Company v. Dipple*, 312 U.S. 168, 174–175, 61 S.Ct. 538, 541, 85 L.Ed. 651 (1941); *Cramer v. Mammoth Mart, Inc., (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954–955 (1st Cir.1976); *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.*, 280 F.2d 119, 124–125 (2d Cir.1960); *Union Tank Car Co. v. N–Ren Corporation (In re N–Ren Corporation)*, 68 B.R. 404, 407 (Bankr.S.D.Ohio 1986).

B. Treatment of Textron's Claim Arising From the CADD and Trailer Leases

■ During the hearing on this matter, Textron expressed great concern over the length of time that passed between its motion to compel the assumption or rejection of its leases and the Debtor's actual rejection of the CADD and trailer leases. Textron contended that it would be "the height of unfairness" to permit a debtor to hold the lessor's property for some uncertain period of time pending its decision to assume or reject the underlying lease without compensating the lessor for the loss of his use of the property.

Textron's motion was filed on June 22, 1989. The Debtor rejected the trailer lease on August 9, 1989, and the CADD lease on September 26, 1989. Thus, a period of two to three months passed before Textron regained control of its property.

Pursuant to 11 U.S.C. § 365(d)(2), a debtor-in-possession operating under Chapter 11 has until confirmation of a plan of reorganization to decide whether to assume or reject an executory contract or unexpired lease of personal property. 11 U.S.C. § 365(d)(2). However, most authority states that a debtor must pay the lessor a reasonable administrative expense for actual use of property which benefits the bankruptcy estate during the pendency of that decision to assume or reject the lease. *Bildisco and Bildisco*, 465 U.S. at 531, 104 S.Ct. at 1198; *Dipple*, 312 U.S. at 174–175, 61 S.Ct. at 541; *Mammoth Mart*, 536 F.2d at 954–955; *American Anthracite*, 280 F.2d at 124–125; *N–Ren Corp.*, 68 B.R. at 407.

The party requesting administrative expense priority under 11 U.S.C. § 503(b)(1)(A) has the burden of proving entitlement to that status by a preponderance of the evidence. *In re Englewood Community Hospital Corporation*, 117 B.R. 352, 358 (Bankr.N.D.Ill.1990); *In re 9085 E. Mineral Office Building, Ltd.*, 119 B.R. 246, 249 (Bankr.D.Colo.1990); *Patch Graphics*, 58 B.R. at 746. In this instance, Textron never presented any evidence to demonstrate that the Debtor made actual use of the CADD system or trailers during the postpetition period before rejection. Moreover, the parties appear to agree that use of those items terminated prepetition. Thus, Textron has failed to satisfy its burden of proof with regard to the equipment that is the subject of these two leases.

During the summer of 1989, this Debtor was faced with many similar § 365 motions as well as with other pressures requiring sound business judgment. The magnitude of the Debtor's financial problems during

that period was very significant. Thus, while the Court sympathizes with a lessor confronted with such a situation, the policies embodied in the Bankruptcy Code are designed to give the Debtor time to attempt to reorganize its business. A two or three month delay in decisions about the assumption or rejection of leases under these circumstances is not unreasonable.[1]

Because sufficient evidence was not presented to demonstrate that use of the CADD system or the trailers benefitted the Debtor's bankruptcy estate during the postpetition period pending the Debtor's decision to reject the underlying leases, any claim with respect to that property does not qualify as an administrative expense under 11 U.S.C. § 503(b)(1)(A). Accordingly, claims arising from the rejection of the CADD and trailer leases will be treated as unsecured prepetition claims for the purposes of distribution. 11 U.S.C. § 365(g).

### C. Treatment of Textron's Claim Arising From The Computer Hardware And Software Lease

In October, 1989, the parties entered into an agreement which authorized the Debtor to make lease payments for the continued use of computer hardware and software leased from Textron prepetition. An Agreed Order was entered on October 30, 1989, authorizing the first payment to be applied to the month of October. This lease was eventually rejected by the Debtor on September 10, 1990.

The parties do not dispute that Textron is entitled to an administrative expense priority for the Debtor's use of and benefit from Textron's property during the postpetition period prior to the entry of the Agreed Order. However, the parties do not agree as to amount of that expense. Textron contends that the administrative expense should reflect unpaid lease payments for the months of June through August, 1989 in the amount of $25,520.43. By contrast, the Debtor argues that Textron's administrative priority should be reduced to $12,912.14 for those same months.

■ Based upon the authority cited above and evidence presented by Textron, the Court is satisfied that the bankruptcy estate benefitted from the Debtor's use of the computer hardware and software during the postpetition period prior to entry of the Agreed Order. Thus, the Debtor is required to pay Textron a reasonable administrative expense for that period. Therefore, in addition to Textron's assertion that it is entitled to an administrative expense claim for the months of June, July and August 1989 for use of the computer hardware and software, the Court finds that the postpetition lease payment for the month of September, 1989, should also be included in Textron's administrative priority expense. The Debtor does not dispute that it used Textron's property during September and did not begin to make lease payments under the Agreed Order until October, 1989. Thus, the lease payment for September should be included.

■ The monthly rate provided by the lease is the fair and appropriate measure of compensation under these circumstances. The Court recognizes that "While a debtor is only required to pay for the actual usage of the leased property as an administrative

---

1. The Court is familiar with *In the Matter of Fred Sanders Company,* 22 B.R. 902 (Bankr. E.D.Mich.1982), cited by counsel for Textron. However, this case has been cited disapprovingly by most courts because the court in *Fred Sanders* based its reasoning on the equity receivership case of *Dayton Hydraulic Co. v. Felsenthall,* 116 F. 961 (6th Cir.1902).

The Court of Appeals for the Sixth Circuit, in *Dayton Hydraulic,* awarded the lessor rents stipulated in the lease despite a lack of use of the property. The Court's rationale was that the receiver's delay in deciding whether to adopt the contract or surrender the property was undue under the circumstances. Both *Fred Sanders,* and *Dayton Hydraulic* ignore whether any benefit was actually conferred upon the bankruptcy estate.

Notwithstanding the problems associated with comparing the respective policies behind state receivership law and the Bankruptcy Code, the delay in making a decision to assume or reject an unexpired lease is both mandated by 11 U.S.C. § 365(d)(2) and not unreasonable under the circumstances of this case. Therefore, the equities involved in either *Fred Sanders* or *Dayton Hydraulic* do not manifest themselves in the case at bar. *See, also, N–Ren Corp.,* 68 B.R. at 497; *In re Moore,* 109 B.R. 777, 781–783 (Bankr. E.D.Tenn.1989).

expense, it does not seem fair to us that it be able to arrive at an appropriate rate for such compensation on a bargain basement basis." *See N–Ren Corp.,* 68 B.R. at 407. Although, the Debtor asserts that it benefitted from use of the computer hardware and software in an amount less than the monthly rate under the lease, the later agreed order recognizes the contract rate as reasonable. No convincing reason has been presented to the Court to change that computation for earlier months.

### V. *Conclusion*

Based upon the foregoing, the Court hereby disallows Textron's request for administrative priority for claims arising from the postpetition period for the CADD system and the trailer leases. Such amounts will be treated as unsecured, prepetition rejection damages in accordance with 11 U.S.C. § 365(g).

The request for administrative expense priority arising from the computer hardware and software lease is hereby granted pursuant to 11 U.S.C. § 503(b)(1)(A). Textron is allowed an administrative in an amount equal to monthly lease payments for the months of June through September, 1989.

IT IS SO ORDERED.